## FOOTE v. BECKWELL *et al.*

Practice: ANSWER: APPEARANCE TERM. The rule obtaining under the provisions of the statute, that the defendant, in a foreclosure proceeding, may claim sixty days from the time of completed service within which to answer, has not been changed by sections 17 and 20, chapter 167, laws of 1870.

*Appeal from Jasper Circuit Court.*

THURSDAY, JULY 25.

THIS is an action to foreclose a mortgage. The original notice was duly served in the county eleven days before the term. At the appearance term, and on the second day thereof, the defendants appeared and asked leave, as a matter of right under the statute, to plead within sixty days from the day of completed service. Leave was granted accordingly, and the cause continued, to which the plaintiff duly excepted, and now appeals.

*Winslow & Wilson* for the appellant.

*Smith & Cook* for the appellee.

COLE, J. — This case involves the construction of several statutes respecting the time for trial of an action brought to foreclose a mortgage. Revision, section 2815, requires the defendant to appear, when served in the county ten days before the term; section 2352 required the defendant, in an equitable action, to demur or answer before noon of the second day of the term, if the notice had been served sixty days before such term, and, if not, then in sixty days from completed service. This section was so amended by the laws of 1862, section 1, chapter 174, as, in an equitable action, to require the defendant served more than ten and less than sixty days before the term, to appear at the

term and claim the time to answer. Section 5999 defines two methods of trial for equitable issues, called the first and second methods; and the next section prescribes that, in mortgage foreclosure cases, the second method shall obtain, thereby showing that under the statutory construction such an action is regarded as an equitable one.

By the laws of 1870, chapter 167, section 17, it is enacted that "the appearance term shall not be the trial term for equitable actions triable by the first method, except in cases in which notice has been served sixty days before the term, and in which, also, the answer shall be merely a denial, and the proof documentary." Section 20 of the same chapter enacts that "except where otherwise provided, causes, including those brought to foreclose mortgages, and to enforce vendor's liens, shall be tried at the first term after due, legal and timely service has been made, unless reasonable causes for continuance be shown."

The question is, when must a defendant answer in a mortgage foreclosure case? And these are all the satutes bearing upon the question. Prior to the enactment of sections 17 and 20, of chapter 167, of the laws of 1870, *supra*, the uniform and undoubted construction of the statutes was, that a defendant in a mortgage foreclosure case was entitled to sixty days to answer, if he appeared and claimed it, and the only question now before us really is, whether sections 17 and 20 changed that rule. We hold, with the court below, that they did not.

By the statute, as above seen, an action to forclose a mortgage is an equitable action triable by the second method; and that due, legal and timely service, so as to require a defendant to answer and go to trial, was service sixty days before the term. Section 17, *supra*, only applies to "equitable actions triable by the first method," and does not, therefore, affect mortgage foreclosure cases. Section 20, *supra*, does not apply to, nor purport to change or alter the length of service required, but only to fix the

time for trial, when " due, legal and timely service has been made."

It follows, therefore, that the defendant had the right to the same time to answer, etc., as he had prior to the enactment of said sections, to wit, sixty days from completed service, as was correctly held by the court below.

Affirmed.